IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 18-50 |
| | ) (18 U.S.C. § 371) |
| MICHAEL COX | ) |
| MICHAEL STASHCHYSHYN | ) |

FILED
FEB 28 2018
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT

### INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment, unless otherwise indicated:

A.     PERSONS AND ENTITIES

Person A, a co-conspirator, was a resident and citizen of Ukraine. Person A operated various businesses in Ukraine and also owned, operated and was the President of a U.S. corporation and business named UMAX Express, Inc. which was registered in the State of Florida and operated in Coral Springs, Florida.

Person B was a U.S. resident and citizen who lived in the Western District of Pennsylvania and operated a rifle night sighting scopes and equipment online business in Pennsylvania. Person B, on at least two occasions, conducted business with Person A in the form of selling rifle night sighting scopes and equipment, as further described below, to Person A and delivering said items in interstate commerce to persons and places at the direction and order of Person A.

MICHAEL COX was a U.S. resident and citizen who lived in the State of Michigan and at times purchased, received, stored and shipped various goods and materials on behalf of Person A and acted at Person A's direction and order in sending documents and materials, including rifle night sighting scopes and equipment, as described below, to Roxolana, Ltd., for further shipment.

MICHAEL STASHCHYSHYN was a resident and citizen of the United States. STASHCHYSHYN owned and operated a U.S. corporation and business named Roxolana International Trade, Ltd. ("Roxolana, Ltd."), which was registered in the State of New Jersey and

was located in Parsippany, New Jersey. Roxolana, Ltd. operated and conducted business as a freight forwarder by receiving goods and materials from customers to thereafter store and ship such goods in interstate and international commerce to such locations as directed by the customers for a fee. STASHCHYSHYN, as the owner and operator of Roxolana, Ltd., at times conducted business with Person A by receiving goods and materials owned by Person A and shipping such goods at the direction and order of Person A to various places, including locations in Ukraine.

UMAX Express, Inc. was a Florida corporation and business located and operated in Coral Springs, Florida. The corporate officers included Person A as the President and Director, and other persons, whose identities are all known to the grand jury, as Vice Presidents and Directors and Secretary of UMAX Express, Inc.

Roxolana International Trade, Ltd. was a New Jersey corporation that was located and operated as a freight forwarding business in Parsippany, New Jersey.

B.      RELEVANT STATUTES AND REGULATIONS

THE ARMS EXPORT CONTROL ACT

1.      The export of defense-related articles was regulated by the Arms Export Control Act, Title 22, United States Code, Section 2778 ("AECA"). Section 2778(a) authorized the President of the United States to control the import and export of defense articles and to establish a United States Munitions List ("USML"), which identified and defined the defense articles subject to these controls. Section 2778(b) provided that any person engaged in the business of manufacturing or exporting any defense articles shall register with the government. Section 2778(c) established criminal penalties for any violation of Section 2778 or any rule or regulation thereunder.

2.      The United States Department of State ("the State Department") implemented these statutory provisions by adopting the International Traffic in Arms Regulations ("ITAR"), Title 22, Code of Federal Regulations, Part 120 et seq. These regulations established the USML and required an export license for the export of any items on the list.

2

3.      The USML lists "image intensification and other night sighting equipment or systems specifically designed, modified or configured for military use." The PVS-14 Single Battery Monocular, Model Number NVD-PVS-14-P; the D-740 Gen 3 Standard 4x Night Vision Scope, Part Number: NS-740-35; and the D-760 Gen 3 Standard 6x Night Vision Scope, Part Number: NS-760-3S (hereinafter "Night Sighting Equipment") are all covered by Category XII(c) on the USML.

4.      On June 10, 2013, the State Department certified that the Night Sighting Equipment were defense articles, as described in Category XII(c) of the USML, 22 C.F.R. Part 121, at the time of the conduct charged in this Indictment. Accordingly, each shipment of these items out of the United States required the issuance of a separate license by the State Department prior to export or re-export.

5.      Neither the defendants, MICHAEL COX or MICHAEL STASHCHYSHYN, nor Person A, has ever applied for or received an export license, or any other written approval with respect to the exportation of defense articles and defense services, brokering, or any other regulated activities regarding the temporary import, export, or transfer of any defense articles or defense services.

## COUNT ONE
### (Conspiracy to Violate the AECA)

The grand jury charges:

6. The allegations contained in the introductory allegations in Parts A and B above, are realleged and incorporated by reference as if fully set forth in this paragraph.

7. From in and around 2012, to in and around March 2013, within the Western District of Pennsylvania and elsewhere, the defendants, MICHAEL COX and MICHAEL STASHCHYSHYN, together with Person A and others known and unknown, did knowingly and willfully conspire to commit an offense against the United States, that is to knowingly and willfully export, and attempt to export, defense articles and services, specifically Night Sighting Equipment, that was restricted under the Arms Export Control Act (AECA) and the governing regulations contained in the International Traffic in Arms Regulations (ITAR), to Ukraine or other locations outside the United States, without having first obtained a validated license or written approval from the United States Department of State, Directorate of Defense Trade Controls, in violation of Title 22, United States Code, Section 2778; and Title 22, Code of Federal Regulations, Sections 125.1, 125.2, 125.3, 126.1, 127.1 and 127.

8. It was part of the conspiracy that Person A, together with others known and unknown, arranged for the export of defense articles listed in the ITAR under Category XII(c) of the United States Munitions List (USML), including the Night Sighting Equipment, from the United States to Ukraine without first obtaining an export license from the State Department.

9. It was further part of the conspiracy that Person A caused Person B, a dealer in Night Sighting Equipment, to send unexecuted ITAR Compliance Acknowledgement Forms to Person A via email.

10. It was further part of the conspiracy that Person A forwarded the unexecuted ITAR Compliance Acknowledgement Forms, via email, to the defendant, MICHAEL COX.

11. It was further part of the conspiracy that Person A, together with others known and unknown, caused the completed ITAR Compliance Acknowledgement Forms, in which the author of the

4

completed forms acknowledged his compliance with ITAR regulations, to Person B, a Night Sighting Equipment dealer.

12. It was further part of the conspiracy that, upon receipt of the completed ITAR Compliance Acknowledgement Forms, Person B, a Night Sighting Equipment dealer, caused the shipment in interstate commerce of the Night Sighting Equipment from the Western District of Pennsylvania.

13. It was further part of the conspiracy that Person A, together with others known and unknown, arranged for the delivery of Night Sighting Equipment, which was listed on the USML, from the Western District of Pennsylvania to the defendant, MICHAEL STASHCHYSHYN, and Roxolana, Ltd., in Parsippany, New Jersey, or to the defendant, MICHAEL COX.

14. It was further part of the conspiracy that the defendant, MICHAEL COX, received the Night Sighting Equipment, which was listed on the USML, for reshipment to the defendant, MICHAEL STASHCHYSHYN, and Roxolana, Ltd., in Parsippany, New Jersey.

15. It was further part of the conspiracy that Person A, together with others known and unknown, obtained funds via wire transfer and otherwise, which were provided to various U.S. residents for the purchase of Night Sighting Equipment listed on the USML, together with a commission payable to the defendant, MICHAEL COX, for his services in repackaging and shipping the Night Sighting Equipment included on the USML to the defendant, MICHAEL STASHCHYSHYN, and Roxolana, Ltd. for export.

16. It was further part of the conspiracy that the defendant, MICHAEL STASHCHYSHYN, received defense articles listed on the USML, including the Night Sighting Equipment, that had been purchased by or on behalf of Person A, and that the defendant, MICHAEL STASHCHYSHYN, repackaged these items and shipped them to Ukraine or other locations outside the United States.

17. It was further part of the conspiracy that Person A, together with MICHAEL COX,

MICHAEL STASHCHYSHYN, and others known and unknown, acquired AR 15 firearms parts, upper receivers for various firearms, and various types of ammunition, which were unlawfully exported to Person A in Ukraine, from the United States, in violation of U.S. law and ITAR. It was further part of the conspiracy that Person A, together with MICHAEL COX, MICHAEL STASHCHYSHYN, and others known and unknown, acquired 9 millimeter complete upper receivers, .45 caliber complete upper receivers, .40 caliber complete upper receivers, .223 caliber rifle flat top upper receivers with M4 feed ramps and .223 caliber rifle 80 percent lower receivers, which were unlawfully exported to Person A in Ukraine from the United States in violation of U.S. law and ITAR.

18. In furtherance of the conspiracy and to effect its unlawful objects, the defendants, MICHAEL COX and MICHAEL STASHCHYSHYN, and co-conspirator Person A, together with others known and unknown, committed and caused to be committed, within the Western District of Pennsylvania and elsewhere, the following overt acts:

Overt Acts

a. On or about December 19, 2012, Person A, a co-conspirator, caused Person B to send two unexecuted ITAR Compliance Acknowledgement Forms via email to Person A for the possible purchase of Night Sighting Equipment.

b. On or about December 20, 2012, the unexecuted ITAR Compliance Acknowledgement Forms were sent by Person A, a co-conspirator, to the defendant, MICHAEL COX.

c. On or about December 27, 2012, Person A, a co-conspirator, placed an online order for one PVS14 Single Battery Monocular, Model Number NVD-PVS-14-P, for $3,295.00 from Person B, an online dealer in Night Sighting Equipment in the Western District of Pennsylvania.

d.  On or about December 27, 2012, the defendant, MICAHEL COX, caused the unexecuted ITAR Compliance Acknowledgement Forms to be completed and sent to Person B in the Western District of Pennsylvania.

e.  On or about December 31, 2012, Person A, a co-conspirator, made payment in the amount of $3,295 to Person B for the PVS 14 Single Battery Monocular, Model Number NVD-PVS-14-P, via bank to bank wire transfer into the Western District of Pennsylvania.

f.  On or about January 10, 2013, Person A, a co-conspirator, ordered one D-760 Gen 3 Standard 6x Night Vision Scope, Part Number: NS-760-3S, for $3,595.00 and one D-740 Gen 3 Standard 4x Night Vision Scope, Part Number: NS-740-35, for $3,445.00, from Person B in the Western District of Pennsylvania, for which payment was made by money order.

g.  On or about January 16, 2013, Person A, a co-conspirator, inquired about the purchase of another D-760 Gen 3 Standard 6x Night Vision Scope, Part Number: NS-760-3S, from Person B, causing Person B to send by email from the Western District of Pennsylvania an unexecuted ITAR Compliance Acknowledgement Form to Person A.

h.  Between on or about January 16, 2013, and on or about January 23, 2013, Person A, a co-conspirator, caused the unexecuted ITAR Compliance Acknowledgement Form to be forwarded to the defendant, MICHAEL COX.

i.  Between on or about January 16, 2013, and on or about January 30, 2013, the defendant, MICHAEL COX, caused the unexecuted ITAR Compliance Acknowledgement Form to be completed and returned via email to Person A.

j.  On or about January 23, 2013, Person A, a co-conspirator, caused Person B to ship one PVS14 Single Battery Monocular, Model Number NVD-PVS-14-P, one D-740 Gen 3 Standard 4x Night Vision Scope, Part Number: NS-740-35, and one D-760 Gen 3 Standard 6x Night Vision Scope, Part Number: NS-760-3S, all of which are classified as Night Sighting Equipment,

7

from the Western District of Pennsylvania to an address associated with the defendant, MICHAEL STASHCHYSHYN, and Roxolana, Ltd. in Parsippany, New Jersey.

   k. On or about February 1, 2013, Person A, a co-conspirator, contacted Person B via email and asked Person B to have the packages containing the Night Sighting Equipment described in paragraph j above to be returned to Person B in the Western District of Pennsylvania.

   l. On or about February 10, 2013, Person A, a co-conspirator, asked Person B to re-send the Night Sighting Equipment described above in paragraph j to the defendant, MICAHEL COX, in Beverly Hills, Michigan.

   m. On or about February 14, 2013, Person B received from the defendant, MICHAEL COX, a completed ITAR Compliance Acknowledgement Form for a second D-760 Gen 3 Standard 6x Night Vision Scope, Part Number: NS-760-3S, referenced in paragraph g above.

   n. On or about March 3, 2013, Person A, a co-conspirator, contacted Person B to request and confirm the shipment of the Night Sighting Equipment to the defendant, MICHAEL COX, in Beverly Hills, Michigan.

   o. On or about March 13, 2013, the defendant, MICHAEL COX, received and accepted the shipment of the Night Sighting Equipment placed into the U.S. mail stream by Person B in the Western District of Pennsylvania.

In violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

1. The United States hereby gives notice to the defendants charged in Count 1, upon conviction of such offense, the government will seek forfeiture in accordance with (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses, or conspiracy to commit such offenses, to forfeit any and all property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense, and (b) Title 22, United States Code, Section 401 and Title 28, United States Code, Section 2461(c), which require the forfeiture of arms and munitions of war and other articles exported or shipped in violation of law, and any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export such arms and munitions of war or other articles in violation of law.

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants, MICHAEL COX and MICHAEL STASHCHYSHYN, up to the value of the

forfeitable property described in this forfeiture allegation.

A true bill,

_____
FOREPERSON

_____
SCOTT W. BRADY
United States Attorney
PA ID No. 88352

10