IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-50 |
| | ) | |
| MICHAEL STASHCHYSHYN | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

AND NOW, comes the Defendant, Michael Stashchyshyn, by and through his attorneys, Michael E. DeMatt, Esquire, and the law firm of Turin & DeMatt, P.C., and files the within SENTENCING MEMORANDUM:

The within document focuses on the Section 3553 factors, which are set out seriatim below. As there can be overlap between the various 3553 factors, many facts relevant to one factor may also be relevant to other factors. As such, the argument below should be read as a whole, with an understanding that some facts mentioned with respect to one factor can and should be considered with respect to other factors.

**1.     The nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1)**

   a.     *Offense*

The offense is described in detail in the PSIR. As is clear in the PSIR, Mr. Stashchyshyn has a shipping company, which was used to ship firearms parts to an

individual ("Person A") in Ukraine.  It is equally clear that Person A was the primary target of the investigation.  Mr. Stashchyshyn was simply a conduit used by Person A to transport the parts.

Although Mr. Stashchyshyn certainly should have known better, it appears that he is qualitatively less culpable in connection with the overall conspiracy than others involved.  This is not to minimize Mr. Stashchyshyn's role, or to imply that he did nothing wrong.  Rather, it is argued that Mr. Stashchyshyn naively agreed to ship these parts without thinking of the consequences of doing so.  He was being used by a criminally sophisticated individual (Person A) to enable that individual to engage in illegal activity.  Mr. Stashchyshyn has recognized the error of his ways, and has owned up to his wrongdoing.

### b.   *Characteristics of the Defendant*

"*A man is judged by the company he keeps*." – Aesop

Although Mr. Stashchyshyn has obviously done wrong and must face consequences for his illegal actions, this court must consider more than just Mr. Stashchyshyn's actions – actions we would submit are very much out of character for him -- which caused him to be indicted in the within matter.  This court must also consider who Mr. Stashchyshyn is as a person.

Mr. Stashchyshyn was born and raised in the former Soviet Union, in what is now the independent nation of Ukraine.  Although he described his childhood as a good one, it must be recalled that he was raised at the height of the Cold War in a Soviet State.  As the

Iron Curtain was falling, he emigrated to the United States to pursue the American Dream. He came to the United States with little and worked hard to make a name for himself and to be a contributor to his new home. While proudly becoming American – even obtaining his American citizenship – he never lost touch with his Ukrainian roots.

A remarkable number of people have submitted letters of support/character letters on his behalf, which letters are attached hereto. In fact, 37 people have submitted their support for Mr. Stashchyshyn in 32 letters. This large volume of letters is astonishing in and of itself. However, it is even more telling as to *who* submitted such letters. There are a number of letters from family, friends, and acquaintances familiar with the good deeds that Mr. Stashchyshyn has engaged in over the years. However, many of these individuals are notable and upstanding individuals in their community. Among the letter writers are a chemistry professor/high school teacher[1], a former research fellow at Drew University[2], several Ukrainian Catholic priests[3], a former law enforcement officer[4], a doctor in endocrinology[5], and a few lawyers[6]. The singling out of these individuals is in no way meant to minimize the importance or relevance of the others who submitted letters of support, but rather to emphasize the unusual number of influential and prominent individuals who have come out in support of Mr. Stashchyshyn. Most noteworthy is Bohdan Vitvitsky, who is a former Assistant United States Attorney and diplomat, who has

---

[1] Irena Sawchuk, Ph.D., See https://www.linkedin.com/in/irene-sawchyn-ph-d-a6ba9118/ (accessed July 7, 2021)
[2] Ronald Doll, Ph.D., See https://www.linkedin.com/in/ronald-doll-53865943/ (accessed July 7, 2021)
[3] Rev. Leonid Malkov, Rev. Mykola Bychok, Father Bohdan Lukie, and Rev. Taras Svirchuk.
[4] Frank Piwowarczyk
[5] Nicholas Baranetsky, M.D.
[6] Bohdan Vitvitsky, Jerry Kuzemczak, and Ihor Rakowsky.

3

been working on fighting corruption in Ukraine[7]. The fact that so many people have written in support of, and tell a very consistent story about, Michael Stashchyshyn should carry great weight with this court in fashioning an appropriate sentence.

The story these people all tell is one of a man who is a generous, hard-working, family-oriented, kind, thoughtful, compassionate, charitable, and community-oriented. He helps the downtrodden and provides support to those in need. These letters show that he is proud of his Ukrainian heritage, but is also a proud United States Citizen, as demonstrated by his tradition of performing "God Bless America" at Thanksgiving, and his statement to Stephanie Downey when she marveled at his command of the English language: "What do you expect? I am an American!" These letters also show how important he is to his community, how much his church relies on him, and how valuable he is to the Ukrainian-Americans in the Newark, New Jersey area.

Many of the letter writers pointed out how, through his shipping business, he would help with sending aid to those in need in Ukraine. He would ship such items at cost, with no profit margin for himself. His cousin, Vladimir Stashchyshyn, stated that "he has been the helping hand to anyone in need." His generosity was not limited to just those in his childhood home. He also helps with those on this side of the Atlantic on a regular basis. It bears noting of course, that during the pendency of this case, Mr. Stashchyshyn has traveled to Florida (with this court's authorization, of course) to care for his elderly and

---

[7] "Ex-U.S. federal prosecutor Vitvitsky aims to help reform and raise public trust in PGO" The Ukrainian Weekly, September 9, 2016, https://www.ukrweekly.com/uwwp/ex-u-s-federal-prosecutor-vitvitsky-aims-to-help-reform-and-raise-public-trust-in-pgo/ (accessed July 7, 2021)

ailing aunt – a task which shows character consistent with what the letter writers have indicated to this court.

Although he obviously used his business illegally by turning a blind eye to the shipments he was making for the individual identified as "Person A," he has also done great good with his shipping business to help others, as evidenced in the letters.

The actions relating to the within matter were very much out of character for Mr. Stashchyshyn, as is demonstrated by his complete lack of any criminal history.  In fact, it is believed that he has never even had a traffic ticket.  While he must face consequences for his lapse of judgment, the vast amount of good he has done in his life is a counterbalancing force which should weigh very heavily in favor of a significant variance below the guidelines set forth in the PSIR.

**2.** **The need for the sentence imposed. 18 U.S.C. § 3553(a)(2)**

    *a.* *to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

In fashioning a sentence, "[t]he court shall impose a sentence sufficient, but not greater than necessary . . ." 18 U.S.C. § 3553(a).

The illegal exportation of firearms parts is obviously a serious offense.  Consistent with the seriousness of such an offense, Mr. Stashchyshyn has now pled guilty to and is convicted of a felony offense.  He will now carry with him the scarlet letter of such felony offense.  This is something that is especially harmful for someone such as Mr. Stashchyshyn, who has been so involved in his community and has been so respected and

admired in such community over the past few decades. He must now bear the stain of this conviction.

However, as stated above, Mr. Stashchyshyn has demonstrated that he is a profoundly generous and charitable man. He has demonstrated remorse and regret for his actions bringing him before this court. The shame he has felt as a result of his actions, and having this matter hanging over his head for the past several years has been punishment in itself.

Mr. Stashchyshyn is not a danger to the community. He is a man who will not repeat the horrible lapse of judgment which led to him being indicted. As such, incarceration would not be necessary in his case. Under the circumstances, a sentence of probation would be sufficient but not greater than necessary.

### b. *to afford adequate deterrence to criminal conduct/ to protect the public from further crimes of the defendant.*

Research has shown that the certainty of being caught provides a greater deterrent effect on crime than the severity of the punishment.[8] Increasing the punishment does little to deter a person's conduct.[9]

In the circumstances presented herein, Mr. Stashchyshyn's actions were well outside his character, and he readily admitted wrongdoing upon being contacted by law enforcement. He had no history of any sort of criminal activity prior to the within matter,

---

[8] "Five Things About Deterrence." https://nij.ojp.gov/topics/articles/five-things-about-deterrence. (accessed June 30, 2020)

[9] *Id.*

and there have been no issues with respect to Mr. Stashchyshyn since he was first contacted by law enforcement relating to the instant matter in 2013. Mr. Stashchyshyn has been very remorseful for having gotten involved in this activity, and regrets having done what he did.

It is submitted that the likelihood of any reoffending by Mr. Stashchyshyn would be zero. As demonstrated by his letters of support, he is a good, generous and upstanding man, who had a major lapse of judgment, which will never be repeated.

    *c.*    *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Stashchyshyn is an educated man, and a man who has run his own business for many years. He has never had any sort of substance abuse issues. As such, he is not in need of any sort of educational or vocational training, nor any need for any kind of treatment.

**3.**    **The kinds of sentences available. 18 U.S.C. § 3553(a)(3).**

As the court is well aware, the guidelines range is only advisory, and the court is not bound by the applicable guidelines range. United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005).

The maximum allowable punishment in this matter would be five years incarceration. The guidelines themselves are 46 to 57 months. As such, even with Mr. Stashchyshyn having absolutely no criminal history, the guidelines are close to the

maximum sentence allowable under the law.  Regardless, statutorily, Mr. Stashchyshyn is eligible for one to five years' probation.  (See PSIR ¶ 65).

With Mr. Stashchyshyn's background, and the factors outlined herein, he would be a good candidate for probation since, *inter alia,* he is a first-time offender and does not present a danger to the community.  If anything, he has proven himself to be a great asset to the community.

### 4. The need to avoid unwarranted disparity among defendants with similar records and similar crimes. 18 U.S.C. § 3553(a)(6).

By considering the applicable guidelines range, but tailoring the appropriate sentence to the individual characteristics of Mr. Stashchyshyn, this court would be avoiding unwarranted disparity among defendants with similar records and similar crimes.  In particular, any deviation from the guidelines based upon the specific characteristics and circumstances presented in the within matter would necessarily not be "unwarranted" as such deviation would be based upon the appropriate § 3553 factors as described herein.  See *e.g.* Gall v. United States, 552 U.S. 38 (2007) (district court "considered the need to avoid unwarranted disparities, but also considered the need to avoid unwarranted similarities among other co-conspirators who were not similarly situated.")

The co-defendant in this case was apparently granted a variance, as Michael Cox was sentenced to a term of 32 months imprisonment, having guidelines of 57 to 60 months.[10]  These guidelines were higher than Mr. Stashchyshyn's as Mr. Cox had a higher

---

[10] See Doc. 129.

8

criminal history category. In reviewing the recitation of the offense conduct, it appears that Mr. Cox was more culpable than Mr. Stashchyshyn in the within matter. As such, Mr. Stashchyshyn should be granted a greater variance than Mr. Cox.

5.  **The need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(7).**

    There is no restitution applicable to this case. (PSIR ¶¶71-72)

## CONCLUSION

For the reasons stated above, as well as additional reasons which may be addressed at the time of sentencing, Mr. Stashchyshyn requests that this court sentence him to a period of probation, or at the very least, below the standard guidelines range.

                                   Respectfully submitted,
                                   TURIN & DEMATT, P.C.

                                   *s/ Michael E. DeMatt*
                                   Michael E. DeMatt, Esquire
                                   Attorney for Defendant

                                   115 North Main Street
                                   Greensburg, PA  15601

                                   (724) 838-1400